UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DAVID LATOUR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN PFEIFFER,<br><br>　　　　Respondent. | No. 2:23-cv-02791-CKD<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned for all further proceedings in this action including the entry of judgment pursuant to 28 U.S.C. § 636(c)(1). See ECF No. 11. Currently pending before the court is respondent's motion to dismiss on the grounds that the petition was untimely filed and contains only unexhausted claims for relief.

**I.      Factual and Procedural History**

On October 15, 2001, petitioner entered a no contest plea in the San Joaquin County Superior Court to five separate felony counts including kidnapping, second degree robbery, and carjacking. ECF No. 13-1 (Abstract of Judgment). He was sentenced to serve twenty years in prison. ECF No. 13-1.

Petitioner filed a notice of appeal and was appointed counsel to represent him in the

California Court of Appeal.  ECF No. 13-2  (Appellate Courts Case Information).  On May 22, 2002, petitioner voluntarily dismissed his appeal.  ECF No. 13-2.  Petitioner did not file any state habeas petitions challenging this conviction.

On November 26, 2023, petitioner filed the instant habeas corpus petition raising eight claims for relief.[1]  He first alleges that his trial counsel was ineffective because he "failed to do his job."  ECF No. 1 at 3.  Next, he challenges his no contest plea on the basis that it was induced by fraud and duress.  In his next three claims, petitioner contends that his plea was based on the prosecution's suppression of favorable evidence and that the prosecution failed to collect and obtain exonerating evidence.  Petitioner also asserts that his trial was live streamed without a judicial order.  In his seventh claim, petitioner asserts that the prosecutor engaged in misconduct.  Lastly, petitioner argues that his liberty has been restrained.

**II.     Motion to Dismiss**

In the motion to dismiss filed on May 9, 2024, respondent contends that the instant habeas petition was filed over twenty years after the statute of limitations expired.  ECF No. 12.  Specifically, respondent calculates that petitioner's conviction became final on June 1, 2002, after his time to file a petition for review in the California Supreme Court expired.  The one-year statute of limitations governing § 2254 petitions commenced the next day and expired a year later on June 1, 2003.  ECF No. 12.  Petitioner did not file any state habeas corpus petitions challenging his conviction, so he is not entitled to any statutory tolling of the statute of limitations according to respondent.  Id.  Petitioner's habeas corpus application filed on November 26, 2023, was thus filed over twenty years after the statute of limitations expired and should be dismissed with prejudice.

Respondent alternatively argues that all of the claims in petitioner's habeas corpus application are unexhausted since he did not raise them in the California Supreme Court.  ECF No. 12.

---

[1] The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

Petitioner filed an opposition as well as an amended opposition to the motion to dismiss. ECF Nos. 14, 16.  In his opposition, petitioner argues the merits of his claims, but he does not address the timeliness bar to relief.  ECF No. 14.  Petitioner's only argument is that habeas corpus is the proper remedy when there is no available state court remedy.  ECF No. 14.  In his amended opposition, petitioner relies on newly discovered evidence of criminal conspiracies orchestrated by prison officials, the California Department of Justice, and the California Attorney General's Office.  ECF No. 16 at 2.  As evidence thereof, petitioner recounts multiple physical attacks against him that started in 2022 and a separate conspiracy to prevent him from testifying in another inmate's civil rights case.  ECF No. 16 at 2-

### III. Legal Standards

**A. Statute of Limitations**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 .S.C. § 2244(d)(1).

**B. Statutory Tolling**

Under the AEDPA, the statute of limitations is tolled, or paused, during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  The statute of limitations is not tolled from

the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C.  Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish an entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### IV.  Analysis

In the instant case, petitioner's conviction became final on June 1, 2002, when his time to file a petition for review in the California Supreme Court expired. See California Rules of Court, Rule 8.500(e)(1). The one-year statute of limitations started the next day and expired one year later on **June 1, 2003**. See 28 U.S.C. § 2244(d)(1)(A). Petitioner is not entitled to any statutory

tolling of the statute of limitations because he did not file any state habeas corpus petitions. See 28 U.S.C. § 2244(d)(2).  The habeas petition was filed on **November 26, 2023,** using the prison mailbox rule.  See ECF No. 1 at 25.  Therefore, the habeas petition was filed more than twenty years after the statute of limitations expired.  After having reviewed petitioner's oppositions to the motion to dismiss, the court finds that there is no basis upon which to statutorily or equitably toll the limitations period in this case.  Even if the court were willing to credit the conspiracy theories against petitioner, he would still not be entitled to equitable tolling of the statute of limitations because he has not been diligently pursuing relief in the last twenty years.  See Holland v. Florida, 560 U.S. 631, 649 (2010).  Thus, petitioner's habeas corpus application is dismissed with prejudice as barred by the statute of limitations.[2]

### V.     Plain Language Summary for Party Proceeding Without an Attorney

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and your oppositions, the court has determined that you filed your amended federal habeas petition twenty years too late.  As a result, your petition is dismissed with prejudice which means that the claims will not be addressed on the merits and your case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 12) is granted.

2. Petitioner's habeas corpus application is dismissed with prejudice as barred by the statute of limitations.

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  September 17, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lato2791.mtd.consent

---

[2] In the interests of judicial economy, the court finds it unnecessary to address respondent's remaining argument in the motion to dismiss.